UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN JAMES BURE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-763-PPS-AZ |
| J. SMILEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Kevin James Bure, a prisoner without a lawyer, filed a complaint naming eight defendants and seeking only monetary compensation. ECF 1. The allegations in the complaint are quite troubling. They emanate from an incident that took place about five months ago. The gist is that Bure had gall bladder surgery outside the prison, and upon his return he was treated very poorly by many members of the correctional staff culminating in excessive force having been used against him while he was in a compromised state from the surgery. Bure sustained a swollen eye, substantial wrist pain, and bruising all over his body, and had his surgical stitches broken open in the melee. There are other indignities alleged in the complaint that I need not review at this moment.

Bure was granted leave to proceed in forma pauperis and assessed $5.06 as required by 28 U.S.C. § 1915(b). The complaint is not ripe for screening because he has yet to pay the initial partial filing fee. *Cf. Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996) (initial partial filing fee required before appellate review), and *Teague v. Mayo*, 553 F.3d 1068, 1071 (7th Cir. 2009) (discussing *Martin*'s applicability to district court screenings under 28 U.S.C. § 1915A).

In the meantime, Bure has filed a motion seeking an "Emergency" injunction asking to be transferred out of the Westville Correctional Facility to a different prison because of retaliation for filing this lawsuit. ECF 6. He says he is afraid for his safety, but the only alleged retaliatory act is being denied access to the law library. He says this prevents him from getting the "best outcome possible in my future litigation." *Id*. He does not explain why he needs to go the law library at this time. Until the case is screened, it is not apparent what he needs to do there. Moreover, there is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Though they are not permitted to retaliate for protected First Amendment activities, state actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. *Id*. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (cleaned up).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Unlike when evaluating the allegations in a complaint to determine whether they state a claim for permanent injunctive relief, in assessing the merits of a claim for a preliminary injunction, I do not have to simply

2

"accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Here, Bure has no chance of success on the merits for the simple reason that the complaint does not seek (and does not demonstrate a basis for) a permanent injunction. What's more, his preliminary injunction motion provides no basis for finding he will suffer irreparable harm if he is not transferred to a different prison. And the balance of equities is not in Bure's favor because "courts must afford prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (cleaned up). Bure has not demonstrated that he is in danger today because he is being denied law library access in retaliation for bringing this lawsuit alleging a guard (whom he says no longer works at the prison) used excessive force against him more than five months ago.

For these reasons, the motion for a preliminary injunction (ECF 6) is DENIED.

**SO ORDERED** on October 14, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3